[Civ. No. 5624.   Second Appellate District, Division One.—July 18, 1929.]

EARL R. BLANCETT et al., Appellants, v. JOHN BURR et al., Respondents.

Chauncey Gardner for Appellants.

A. E. Moore for Respondents.

HOUSER, J.—Plaintiffs appeal from a judgment rendered against them in consequence of an order sustaining a demurrer to their complaint against defendants without leave to amend the complaint.

The action was for damages alleged to have been suffered by plaintiffs by reason of the malicious prosecution of a criminal action against them instituted and maintained by defendants. The gist of the complaint was that "the said defendants, by joint and concerted action, and while contriving and maliciously intending to injure said plaintiffs, falsely, maliciously and without probable cause, procured and caused, certain criminal process to be issued against said plaintiffs, by falsely, malicously and without probable cause," making a certain specified statement "and others of like import" to a chief of police, by reason of which he made an affidavit and caused a search-warrant to issue as against the home of plaintiffs, and also caused

a criminal complaint to issue against plaintiffs wherein they were charged with the commission of a designated criminal offense.

Without reference to what may be the necessary allegations in a complaint of the character of that here involved, the principal point suggested and presented to this court by the parties to this appeal, is whether one may be civilly liable who, without *personally* making the affidavit required as a basis for the issuance of a criminal complaint, has falsely, maliciously and without probable cause procured the criminal process to issue.

The general rule appears to be that "one who procures a third person to instigate a malicious prosecution is liable in damages to the party injured to the same extent as if he had instituted the proceeding himself. . . . and that it is not necessary that the complaint or information on which the prosecution is based should have been signed by the person sought to be held liable in order to establish his liability in an action for malicious prosecution. It is enough if he was instrumental in setting the law in motion and caused the prosecution to proceed." (Ann. Cas. 1918A, pp. 485, 486, where authorities, including *Kinsey* v. *Wallace*, 36 Cal. 462, 480, are cited.) To practically the same effect is the declaration of the law in 38 Corpus Juris, 395, where reference is also had to many authorities, and wherein it is stated that the test of liability in an action for malicious prosecution is whether the defendant was actively instrumental or was the proximate and efficient cause of maliciously putting the law in motion.

A case which is nearly parallel in its facts with the instant case is that of *Holden* v. *Merritt*, 92 Iowa, 707 [61 N. W. 390]. Therein it appears that the defendant furnished an inspector of the United States government with facts on which the inspector filed an information on which the plaintiff was arrested. The defendant insisted that there was no evidence that he had instigated or procured the prosecution. With reference thereto, in part, the court said: " . . . It need not be shown that the defendant ordered or directed the warrant or process to issue, or that he participated in its execution. If he, on his own motion, gave information or made complaint to the officers of the law in such a manner as that, in the regular and ordinary

course of events, an arrest must be made, or will probably follow, this is sufficient to warrant the jury in finding him the real prosecutor. (Citing authorities.)''

In support of their contention that the defense of privilege, as provided by section 47 of the Civil Code, is a complete answer and bar to an action for malicious prosecution, respondents rely principally upon the case of *Ball* v. *Rawles*, 93 Cal. 222, 236 [27 Am. St. Rep. 174, 28 Pac. 937]. However, so far as the instant question is involved, the point of that case and other authorities to which respondents refer is to the effect that, under the provisions of section 47 of the Civil Code, no civil liability is incurred by one who *libels* another through the instrumentality of statements contained within the allegations of a criminal complaint. It is apparent that falsely and maliciously instituting and maintaining a criminal action is materially different and distinct from false and libelous words and statements which may be contained in the criminal complaint in the action. If the respective situations were identical and the law applicable thereto were as claimed by respondents, it would be difficult, if not impossible, to ever maintain an action for the malicious prosecution of a criminal action, no matter how reckless and unfounded the statements of the instigator of the criminal process, nor how flagrant or manifest were his bad faith in the matter.

Treating the appeal herein solely in the light of the question presented, that is, whether the complaint was fatally defective in that it disclosed that defendants did not *personally* make the affidavit which resulted in the issuance of the criminal process against plaintiffs, this court is convinced that the demurrer to the complaint should have been overruled.

It is ordered that the judgment be and it is reversed.

Conrey, P. J., and Hollzer, J., *pro tem.*, concurred.