This is an appeal on the judgment-roll alone. The complaint was in two counts, an open book account and account stated, and alleged that prior to the commencement of the action Bullock and Jones, for a valuable consideration, assigned to plaintiff all their right, title and interest to said claim, and that plaintiff is now the owner and holder thereof. Judgment was awarded to the plaintiff against defendant Howard Glover Thompson, who presents this appeal.
Findings were made that the following allegations in the amendment to the answer were true: "II. That the said David W. Cohn is not an attorney-at-law, and is not admitted to practice law in the state of California. IV. That the said claim described in the said complaint against the defendants was assigned by Bullock and Jones, a corporation, to plaintiff herein, and that under and by virtue of the contract of assignment of said account by Bullock and Jones, a corporation, to the plaintiff, David W. Cohn, it was contracted and agreed by and between the said plaintiff and the said Bullock and Jones, in consideration of said assignment, that the plaintiff would endeavor to collect the account described in the complaint from the defendant at plaintiff's expense, if possible, and if successful would receive a certain percentage of the amount collected, contingent upon collection thereof, but in the event that the said account could not be collected from the defendant without suit, then in that event plaintiff would sue in his (plaintiff's) own name, and hire an attorney at his own expense to bring said suit and prosecute same to judgment, and if successful, and a collection was made, plaintiff was to deduct the costs and a certain percentage of the account collected from the amount collected for his services, and then remit the balance due to plaintiff's assignors, Bullock and Jones. That by the terms of said contract the plaintiff was to retain and pay said attorney at his own expense for said services and to pay all costs likewise. V. That pursuant to said contract the plaintiff did hire and retain as his attorney one George M. Wicke, attorney of record for the plaintiff herein, and did have said attorney institute the above-entitled action in plaintiff's name, and did appear in court by his attorney of record, George M. Wicke, and *Page 786 
attempt to attain [obtain] a judgment in the above-entitled action against the said defendant above named; that said attorney, George M. Wicke, is the attorney for the plaintiff, David W. Cohn, and that the relation of attorney and client does not exist between plaintiff's assignors, Bullock and Jones, a corporation, and the said George M. Wicke."
Appellant urges that the contract is illegal and void because it was made for the purpose of collection only, and to thus enable plaintiff to make a profit from the practice of law; that the contract provided that the plaintiff would pay all expenses and would collect the said account and receive, as compensation therefor, a certain percentage of the amount collected, and if a suit was filed by the plaintiff, that he should receive a certain percentage of the amount collected, and that the plaintiff's counsel, George M. Wicke, the attorney for the said plaintiff, would be paid entirely by the said plaintiff. That the relation of attorney and client did not exist between Bullock and Jones, the plaintiff's assignor, and the said George M. Wicke, attorney for the plaintiff. The defendant further maintains that the plaintiff is not the real party in interest and has no interest in the claim more than any attorney who sues on a claim for collection on a contingency basis, the whole purpose and intent of the assignment being to enable the plaintiff to sell the legal services of his attorney, and make a profit thereon. The defendant contends that said contract is void as against public policy, that by this means plaintiff is not under the jurisdiction of The State Bar of California, and is not under The State Bar's rules of conduct and thereby restrained from soliciting lawsuits, and if allowed to hire an attorney and maintain this action in his own name, his attorney will be thus soliciting indirectly.
It is contended in the brief of amicus curiae that the findings sufficiently show that plaintiff is engaged in the unlawful practice of the law; that said contract of assignment is illegal and void as it is in derogation of the express provisions of the law, against public policy and tends to aid or abet an unlicensed person to practice law or to receive compensation therefrom.
It is conceded by amicus curiae that under the laws of California an assignment of a chose in action for collection is valid; that a collection agency, or business, when promoted *Page 787 
strictly as a collection agency, is a lawful business authorized by law (chap. 485, Stats. 1927, p. 822, and amendments thereafter) and that a prosecution of an action by an assignee for collection does not, of itself, constitute the practice of the law.
[1] In construing the code provision requiring every action to be prosecuted in the name of the real party in interest, our courts have followed the rule that whoever holds the legal title to a demand is the real party in interest, and may sue thereon in his own name. (3 Cal. Jur., p. 296.) It is well settled that an assignment for collection, without any consideration being paid by the assignee, vests the legal title in the assignee, which is sufficient to enable him to recover, although the assignor retains an equitable interest in the thing assigned. (Morrison
v. Veach, 190 Cal. 507 [213 P. 945]; Ralph v. Anderson,187 Cal. 45 [200 P. 940]; Woodward v. Brown, 119 Cal. 283
[51 P. 2, 542, 63 Am. St. Rep. 108]; Hopkins v. Contra CostaCounty, 106 Cal. 566 [39 P. 933]; Greig v. Riordan,99 Cal. 316 [33 P. 913]; Grant v. Heverin, 77 Cal. 263
[118 P. 647, 119 P. 493]; Kelley v. Hampton, 22 Cal.App. 68
[133 P. 339]; Ingle Mfg. Co. v. Scales, 36 Cal.App. 410
[172 P. 169].)
[2] Does an assignee for collection who holds the legal title to a claim and possesses the right to sue thereon and to employ attorneys to represent him, engage in the practice of law where, under and by virtue of the contract of assignment and in consideration thereof, the assignee agrees, in the event that the claim cannot be collected without suit, to sue in his own name and hire an attorney at his own expense to prosecute the suit, and if the collection is made, after deducting the costs and a certain percentage for his services, the assignee agrees to remit the balance to his assignor? No case has been cited, nor, after thorough search, have we been able to find any case which holds that a collection agency is practicing law under such circumstances. Appellant relies upon the cases which hold that a corporation contracting with its clients to employ attorneys as agents to furnish them with legal services is engaged in the practice of law, and a corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it. (People v. California Protective *Page 788 Corp., 76 Cal.App. 355 [244 P. 1089]; People v. MerchantsProtective Corp., 189 Cal. 531 [209 P. 363]; see, also, notes, 73 A.L.R. 1327; 32 L.R.A. (N.S.) 55; Ann. Cas. 1918C, p. 131.) Here we find no such contract. The assignee merely contracts to file suit in his own name, if necessary to make the collection. But he does not agree to furnish any legal services whatever to the assignor. The assignee employs the attorney and controls his action. No legal services are performed for the assignor. The only duty of the assignee is to account to the assignor after the collection has been made. In making the agreement to bring suit the assignee merely agrees to do that which he can legally do without any agreement, by virtue of the assignment. Provided the assignment is absolute, so as to vest the apparent legal title in the assignee, the latter is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds. (Ralph v. Anderson,supra.) [3] Practice of law is the doing or performing services in a court of justice, in any matter pending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be pending in a court. (Smallberg v. StateBar, 212 Cal. 113, 119 [297 P. 916]; State Bar v. SuperiorCourt, 207 Cal. 323, 335 [278 P. 432]; People v. MerchantsProtective Corp., supra; People v. California Protective Corp.,supra.) In the case now before us for consideration we find that the plaintiff was not practicing law within the meaning of the foregoing definition. Certainly the plaintiff did not agree to furnish to his assignor legal advice or counsel, nor to prepare legal instruments or contracts. Neither did the plaintiff agree to do or perform services in a court of justice for the assignor or to employ an attorney to perform such services for the assignor. The services performed by the attorney were for the assignee alone, who was the real party in interest and exercised entire control of the action, the assignor having no power to exercise any control whatsoever either over the action or the attorney in the performance of his services. *Page 789 
Our conclusion that the plaintiff was not engaged in the practice of law is fortified by a decision made by the Court of Appeal since the submission of this case. A hearing was denied by the Supreme Court. In that case, Schroeder v. Wheeler,126 Cal.App. 367 [14 P.2d 903], the plaintiff, a patent attorney, had agreed to perform, as in this case, certain services which he was capable of performing, and in addition thereto agreed to furnish the services of an attorney at law, if said services should be beneficial and necessary, for which the defendant agreed to pay on a contingent basis. The court said:
"A consideration of the entire contract forces the irresistible conclusion that, as contended by plaintiff, the intention of the parties was that plaintiff should perform the necessary services as a patent attorney and act as defendant's agent and counselor in looking after her patent and trade-mark matters generally, employing counsel if and when necessary.
"The question thus arises as to the legality and the enforceability of such a contract. That is, can a person who is not an attorney at law enforce a contract under which he agreed to, if necessary, employ the services of an attorney at law to assist in the performance of services, a portion of which services is to be and may be performed by such person?
"As hereinbefore stated, it is conceded by both parties that one who is not an attorney at law not only cannot practice law, but cannot recover compensation for legal services by him performed, but there is no law prohibiting persons other than attorneys from recovering the reasonable value of their services when performed at the request of another. (Miller v.Ballerino, 135 Cal. 566 [67 P. 1046, 68 P. 600].) In 6 Corpus Juris, page 721, it is stated as follows: `An unlicensed person may recover for services not performed in a court of record, and of a character the performance of which would not constitute the practice of law.' (See cases therein cited.)
"Where, as here shown, by solemn contract in writing admitted to have been entered into by and between parties under the terms of which plaintiff agreed to perform certain services which he was capable of performing and further agreed to furnish the services of an attorney at law if said *Page 790 
services should be beneficial and necessary and for and in consideration of which defendant agreed to pay plaintiff on a contingent basis, it cannot be held that the contract is illegal and void, neither is it unenforceable nor impossible of performance."
[4] Appellant urges that the contract is against public policy, and in support of his contention cites section 161 of the Penal Code, which forbids an attorney from buying any evidence of debt or thing in action, with intent to bring suit thereon. There is no such provision in the code as to collection agencies. The courts have commented on the fact that such contracts are in general use. In Koeppel v. Morrison, 84 Cal.App. 137, 140 [257 P. 590, 591), the court said: "It is common knowledge that collection agencies pursue the policy of taking assignments of claims for the purpose of bringing action, and that the only interest the assignee has in the subject-matter is a percentage thereof as his compensation for doing those things ordinarily performed by an attorney at law." Chapter 485, Statutes of 1927, page 822, declares the public policy as to such contracts by recognizing the right of collection agencies to do business, including "obtaining in any manner the payment of a claim". This provision is broad enough to include bringing a suit. The right of a collection agent to take an assignment of a claim and bring suit thereon in his own name has been so long recognized in this state, both by statute and decisions, that we cannot declare an assignment of a claim for the purpose of bringing suit to be against public policy. We find no merit in the contention that assignment of a claim with the intent that the assignee shall bring suit thereon is illegal and void. We have no power to make legislation. If legislation be desired forbidding collection agents, as well as attorneys, from buying claims with intent to bring suit thereon, arguments in support of such legislation must be addressed to the legislature.
The judgment is affirmed, with costs of appeal to respondent.