[Civ. No. 5331. Third Appellate District.—April 6, 1935.]

A. B. SPENCER, Plaintiff; FLOYD S. SISK et al., Respondents, v. LEGENE S. BARNES, Appellant.

Dana R. Weller and C. F. Culver for Appellant.

A. W. Brunton for Respondents.

RANKIN, J., *pro tem.*—Appellant prosecutes this appeal from an order entered herein February 2, 1933, setting aside satisfaction of judgment, substituting parties plaintiff, and for enforcement of judgment and issue of execution.

A. B. Spencer, plaintiff in this action, secured a money judgment against appellant, as defendant therein, on July 29, 1912, and the judgment became final about August, 1914. On June 19, 1930, Spencer assigned said judgment to Grace D. Barnes, and the following day Grace D. Barnes executed and delivered a full satisfaction of the judgment.

This proceeding was instituted by Floyd S. Sisk, as trustee in bankruptcy of the estate of Andrew M. Strong, a bankrupt; George Gardner, as trustee in bankruptcy of the estate of Lewis R. Works, a bankrupt; and Katherine Stigle Etheridge, Oscar Hayter and Mary P. Slater, none of whom were parties to the action, by filing notice of motion to set aside the satisfaction of judgment and to be sub-

stituted as parties plaintiff and for enforcement of the judgment and issue of execution. The motion is addressed to Legene S. Barnes, defendant, and to G. M. Spicer, his attorney, and also to other persons. So far as disclosed by the record, the moving parties made no attempt to serve anyone with notice of the motion except G. M. Spicer. Proof by affidavit was made that G. M. Spicer was served by mail with a copy of the moving papers.

Appellant raises and argues several points in his brief, but one of which is necessary to discuss in this opinion.

Appellant's first contention is that he had no notice of the motion, therefore the court had no jurisdiction to make the order appealed from. Answering this contention, the respondent argues that G. M. Spicer was attorney for appellant and that service upon such attorney constitutes due service upon appellant. This, of course, is a proceeding in which notice is necessary. None of the parties thereto, except the moving parties, were present in court when the motion was heard and the order itself is in form an *ex parte* order.

It is true that in all actions or proceedings where a party has an attorney of record, the service of papers, when required, must be made upon the attorney, but the fact that the attorney may have represented the party in other matters does not authorize service in a matter in which he does not appear as an attorney. (*Sullivan* v. *Dunne,* 198 Cal. 183, 190 [244 Pac. 343].)

The only showing in the record to in any way establish the respondent's claim that Spicer was attorney for appellant is found in the testimony of two witnesses taken upon the hearing of the motion without notice to any of the interested parties that oral testimony would be taken. Conceding that the moving parties were entitled to produce oral testimony, we find nothing in the testimony of these two witnesses that is competent to establish the fact that Spicer was the attorney for appellant. One of these witnesses testified that in the month of June, 1930, one G. M. Spicer called him on the telephone and represented to him he was attorney for Legene S. Barnes and Grace D. Barnes, and that Spicer thereafter called at the witness' office and stated that he was attorney for Legene S. Barnes and Grace D. Barnes, and more particularly for

Grace D. Barnes. The second witness testified that G. M. Spicer had appeared in a proceeding before the court in the above-entitled action as attorney for Legene S. Barnes and as attorney for Grace D. Barnes.

If it is a fact that Spicer was at any time attorney of record for appellant, the record would be the best evidence thereof. The testimony of the two witnesses, even if considered as secondary evidence, fails to establish the fact, or any fact, other than that said Spicer claimed to be acting for appellant as his attorney about the year 1930 and some time prior thereto. It is well settled in this state that when a judgment in a cause has once been entered under the direction of the court, the rights of the client have been finally determined and the attorney ceases to have any authority except for the purpose of sustaining and enforcing the judgment, or seeking to have it set aside or reversed. (3 Cal. Jur. 668; *Frowly* v. *Superior Court*, 158 Cal. 220 [110 Pac. 817]; *Knowlton* v. *MacKenzie*, 110 Cal. 183 [42 Pac. 580].)

Appellant was entitled to notice of the motion. Notice to G. M. Spicer was not notice to appellant for the reason there is no showing that Spicer was attorney of record for appellant. The order does not upon its face recite or find that any service was made upon appellant or any other person, or that appellant was present or represented at the hearing. It therefore follows that the order appealed from was in legal effect nothing more than an *ex parte* order.

The order appealed from is reversed.

Thompson, J., and Plummer, Acting P. J., concurred.