[Civ. No. 18253.   Second Dist., Div. One.   Feb. 11, 1952.]

CHANNING CLARK et al., Appellants, v. MARION ANDREWS et al., Respondents.

Kenneth D. Holland for Appellants.

Morris Lavine for Respondents.

WHITE, P. J.—Plaintiffs have appealed from a judgment that they take nothing entered after a demurrer to their amended complaint was sustained without leave to amend.

By the first cause of action plaintiffs seek damages for wrongful attachment against defendant collection agency, its assignor, Kathleen M. Ritchie, and defendant casualty com-

pany as surety on the undertaking on attachment filed by the collection agency. By the second cause of action punitive damages are sought against defendant collection agency and its assignor on the ground that the attachment was levied with malice and without probable cause.

The first question for consideration is whether the amended complaint (in the first cause of action) states a cause of action for recovery of attorney's fees incurred by the plaintiff herein in successfully defending the action in which the attachment was levied. It was settled in this state in the case of *Reachi* v. *National Automobile & Casualty Ins. Co.*, 37 Cal.2d 808 [236 P.2d 151], that attorney's fees paid or incurred and other expenses of a defense on the merits are recoverable in an action on the undertaking on attachment when such attachment is regular on its face and the wrongfulness of the levy can only be shown by defeating the action on its merits, so that a motion to vacate the attachment would be futile. Respondents, however, urge that the amended complaint shows on its face that the lien of the attachment on plaintiffs' real property was invalid, in that a copy of the writ was not properly served upon an occupant of the property, and that therefore plaintiffs' title was not clouded thereby. Also, respondents assert that the attachment could have been vacated on motion because of its invalidity, and therefore counsel fees for the defense of the main action are not recoverable.

The amended complaint contains the allegation that "All of the proceedings, pleadings and documents with respect to the levy of said attachment were valid and regular on their face and for that reason plaintiffs (defendant Clark in said action) made no motion nor brought any proceeding to discharge or dissolve said attachment, as such motion or proceeding would have been unsuccessful and an idle and futile act; and the only manner by which said attachment could be discharged or dissolved was to defend and win said action on its merits." Respondents contend that the levy was invalid and created no cloud on the title because the "Return on Real Estate Levy" filed by the marshal of the municipal court, a copy of which was annexed to the amended complaint as an exhibit, fails to show that a copy of the writ was served upon an occupant of the premises as required by section 542, subdivision 1, of the Code of Civil Procedure. This section requires that real property must be attached by filing with the county recorder a copy of the writ, together with a description

of the property attached and a notice that it is attached, and "by serving an occupant of the property, if there is one upon the property at the time service is attempted, with a similar copy of the writ, description and notice, or if there is no occupant then on the property, then by posting the same in a conspicuous place on the property attached."

The marshal's return shows that on July 23, 1948, he levied upon the interest of E. H. Cox and Mrs. E. H. Cox, Channing Clark and Mrs. Channing Clark (the latter two the plaintiffs herein) by filing with the county recorder on that date the required documents, and on July 28, 1948, by "serving *to* Mrs. E. H. Cox at 7338 Trask Ave., Playa del Rey, Calif. a true copy of said Writ, together with written notice of said levy and description of the property levied upon attached thereto."

It is true that the return of the marshal does not directly state that Mrs. Cox was an occupant of the property attached. However, from the allegations of the pleading here in question and the exhibits annexed, two facts must be taken as true, viz.: That at the time of the levy "there existed a valid written agreement between the plaintiffs herein and the said E. H. Cox and Mrs. E. H. Cox by which plaintiffs agreed to sell and the Coxes agreed to buy the said real property so levied upon." Also, that the real property at 7338 Trask Avenue, Playa del Rey, where Mrs. Cox was served, is the property sought to be attached. These facts, coupled with the allegation that a motion to dissolve the attachment would have been futile, are, in our view, sufficient. A motion to dissolve the attachment could be readily met by amending the marshal's return or again serving a copy of the writ and other papers in the required manner.

Respondents' contention that "service on the occupant must precede the filing of the attachment writ with the county recorder" is without merit. The case of *Main* v. *Tappener*, 43 Cal. 206, relied upon by respondents, involved the construction of a statute which specified the required acts in that order, service on the occupant followed by filing with the recorder; while section 542 of the Code of Civil Procedure lists the requirement of recording first, followed by service on the occupant or posting on the property.

We cannot agree with respondents that by reason of the allegedly defective return there existed no cloud upon the title to the property. Clearly, with proper documents having been filed with the county recorder, the record title would

remain clouded until the attachment was dissolved or the action terminated favorably to the defending party or parties.

It is contended that plaintiffs are not entitled to recover damages for depreciation of their property during the period of the attachment. The case of *Gudger* v. *Manton*, 21 Cal.2d 537, 554, 555 [134 P.2d 217], holds contrary to respondents' contention. In the cited case, a suit for slander of title by reason of a wrongful levy of execution, an award of damages based upon loss of sales of the property followed by depreciation in value during the period the levy was in force, was upheld, the court saying: "Where, as here, there have been losses of sales and a decline in the market value of property thereafter during the continuance of the disparagement of title (the execution lien here), defendant has not been injured when the court in fixing the damages selects the difference between the amount offered at the sales and the value of the property at the time the execution was released. That rule takes into consideration the effect of the defect in the plaintiff's title with relation to the fluctuation in the value during that time. Those principles have been applied in wrongful attachment cases. . . . (Citing cases and authorities.). . . ." The court further distinguished the case of *Heath* v. *Lent*, 1 Cal. 410, relied upon herein by respondents.

In their amended complaint herein, plaintiffs alleged that they were unable to convey a clear title to the Coxes in accordance with their agreement because of the attachment lien; that by reason thereof the Coxes rescinded the agreement; and during the period the attachment was in force, from July 23, 1948, to September 27, 1949, the real property depreciated in the sum of $2,500. This, clearly, is a sufficient allegation under the rules stated in *Gudger* v. *Manton, supra*. The complaint fails to state the outcome of the attachment action against the Coxes, who were codefendants, but whether they were in fact unable to perform their agreement to purchase, whether there was a bona fide agreement of sale, and whether the property actually depreciated in value, are obviously questions for proof at the trial, and have nothing to do with the question here of the sufficiency of allegations of ultimate facts. Further, with respect to other criticized portions of the amended complaint, such as, for example, the charges of malice and lack of probable cause, we find that they constitute sufficient allegations of ultimate facts.

We come now to the contention that because defendant Kathleen M. Ritchie, the assignor of defendant collection

agency, was not a party to the attachment suit, she is not liable under either cause of action. It is stated in the brief of respondents that the court in its decision in the attachment suit found that the collection agency was the unconditional and absolute owner of the claims sued upon and that the assignment from Ritchie to Andrews was for a good and valuable consideration. It is urged that an assignee for collection, even without consideration for the assignment, is the real owner of the claim so far as third parties are concerned.

Assuming that the fact of the finding just mentioned is properly before us, nevertheless such finding does not necessarily preclude recovery against the defendant Kathleen M. Ritchie. It is alleged in the first cause of action of the amended complaint that defendant Ritchie ''hired and employed defendant Andrews to institute an action . . . pursuant to said employment, defendant Ritchie assigned to defendant Andrews for the purpose of collection a number of purported claims and demands . . . Both said defendants Andrews and Ritchie well knew at said time that said claims and demands as against plaintiffs herein were without basis in law or in fact, and were wholly fictitious.'' In the second cause of action it is alleged that ''The claims sued upon in said action were fraudulent, unfounded and pretended as to these plaintiffs, all of which both of said defendants (Andrews and Ritchie) well knew. Said action was commenced and said attachment levied by said defendants maliciously, without probable cause and with the intent to injure and harass these plaintiffs, and put them to great annoyance and expense, and to coerce them into paying defendants' illegal and unfounded claims.''

The finding that the collection agency was the sole owner of the claim is not inconsistent with an agency situation. ■ As was said in *Cohn* v. *Thompson,* 128 Cal.App.Supp. 783, 787 [16 P.2d 364], ''It is well settled that an assignment for collection, without any consideration being paid by the assignee, vests the legal title in the assignee, which is sufficient to enable him to recover, although the assignor retains an equitable interest in the thing assigned. . . . (Citing authorities.). . . .'' Further, in *Cohn* v. *Thompson* the court quotes from *Koepple* v. *Morrison,* 84 Cal.App. 137, 140 [257 P. 590], as follows: ''It is common knowledge that collection agencies pursue the policy of taking assignments of claims for the purpose of bringing action, and that the only interest the assignee has in the subject-matter is a percentage thereof as his compensa-

tion for doing those things ordinarily performed by an attorney at law.''

■ ''A principal who authorizes an agent who is not a servant to institute or conduct such legal proceedings as in· his judgment are lawful and desirable for the protection of the principal's interests is subject to liability to a person against whom proceedings reasonably adapted to accomplish the principal's purpose are tortiously brought by the agent.'' (Rest., Agency, § 253; Cal. Annotations in accord: *Kinsey* v. *Wallace*, 36 Cal. 462; *Blancett* v. *Burr*, 100 Cal.App. 61 [279 P. 668]; *Diggs* v. *Arnold Bros., Inc.*, 132 Cal.App. 518 [23 P.2d 71]; see, also, *Redgate* v. *Southern Pac. Co.*, 24 Cal.App. 573 [141 P. 1191].) ■ So far as a mere wrongful, as distinguished from malicious and without probable cause, attachment is concerned, the principal may be held liable upon the general doctrine of *respondeat superior*, and may also be held liable for punitive damages for malicious acts of the agent if the principal had knowledge of or participated in the malicious acts, or ratified, adopted or approved them. (5 Am.Jur. 222; 34 Am.Jur. 758.)

One who assigns a claim for collection thereby makes the collection agency his agent for the purposes of collection and is liable for the consequences of a wrongful attachment under the circumstances and to the extent indicated in the authorities immediately above cited. Of course, as stated in the cited authorities, liability of the principal for malicious acts of the agent, as distinguished from mere wrongful attachment, must depend upon knowledge of, participation in, or approval or ratification of, the malicious acts. The allegations of the amended complaint herein sufficiently charge knowledge and participation. It remains for a trial of the cause to determine whether the wrongful attachment was an act within the express or implied authority of the agent, whether there existed malice and lack of probable cause, and whether under the principles above stated the assignor of the collection agency is liable therefor. Further, it is to be understood that the views expressed in this opinion are based entirely upon the assumption—an assumption which must be indulged in when ruling upon a demurrer—of the truth of the allegations of the amended complaint, and that the statements herein made constitute no expression of views, favorable or unfavorable, as to the merits of the cause.

The judgment is reversed and the cause remanded with di-

rections to overrule defendants' demurrer to the amended complaint and to allow defendants a reasonable time to answer, should they be so advised.

Doran, J., and Drapeau, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 3, 1952.