[Civ. No. 6492. Fourth Dist. Oct. 9, 1961.]

WILLIAM C. BAILEY, Appellant, v. DONALD C. McDOUGAL et al., Respondents.

David W. Hardin for Appellant.

Murry Luftig for Respondents.

GRIFFIN, P. J.—Plaintiff-appellant William C. Bailey brought this action against Donald C. McDougal, doing business as Mack's Refrigeration, and Hartford Accident and Indemnity Company, a corporation (hereinafter referred to as "Hartford"), alleging that on February 19, 1958, in a cause pending in the municipal court between McDougal as plaintiff and Bailey as defendant, McDougal caused an attachment to be levied on Bailey's bank accounts and executed a certain undertaking on attachment which was filed therewith; that by reason thereof, Bailey was required to file an undertaking by Pacific Indemnity Company for release of attachment; that as a result of said attachment, Bailey was forced to go into bankruptcy; that his credit became impaired and he was damaged in the sum of $20,000. Judgment in the municipal court action went in favor of McDougal. The judgment in the municipal court was appealed. It is alleged that Pacific Indemnity Company was required to pay attorney's fees in the sum of $1,000 for protecting said appeal under the undertaking and that Bailey became liable therefor on appeal from the final judgment. On appeal, judgment was rendered for Bailey and he demanded of McDougal $21,500 damages claimed to have been sustained by reason of the attachment.

Then follows a claimed cause of action against defendant Hartford on the same grounds, seeking $3,000 damages. Defendants here answered and denied generally these allegations and as an affirmative defense alleged that defendants acted without malice and under advice of counsel and that plaintiff was not the holder of a cause of action against defendants.

After the trial of the instant case in the superior court, and after some evidence was taken, defendant McDougal moved for judgment in his favor because the complaint did not state a cause of action against him. It was granted and the trial proceeded as to defendant Hartford. The court found that as a result of said writ of attachment certain attempted garnishments were made; that the sheriff thereupon filed his return of service upon said garnishments showing that returns upon all of said garnishments were negative except there was one return on said garnishment in the amount of $14.70; that upon stipulation of the parties in said municipal court action made in writing and entered in said action, said writ of attachment was forthwith discharged and all funds or properties, if any, attached or garnished thereunder were forthwith released; that plaintiff expended no sums whatsoever for attorney's fees in connection with the release or discharge of said writ of attachment and that all of the attorney's fees, if any, paid by the plaintiff were in connection with the trial of the municipal court action and not in connection with the discharge or the release of the writ of attachment and that plaintiff suffered no damages whatsoever in connection with said attachment as a result of McDougal or Hartford's actions and that all of the allegations of plaintiff's complaint were untrue. Judgment was entered that plaintiff take nothing by his complaint. Plaintiff appealed.

Plaintiff claims that under Code of Civil Procedure, section 539, and Civil Code, sections 2809 and 2847, both principal and surety were, in fact, liable. (Citing *Clark* v. *Andrews*, 109 Cal.App.2d 193, 199 [240 P.2d 330].)

*Vesper* v. *Crane Co.*, 165 Cal. 36 [130 P. 876, L.R.A. 1915A 541], adequately disposes of the propriety of the judgment in favor of McDougal. While it holds that the remedy on the "attachment undertaking" may be sustained by allegation and proof that the writ was wrongfully procured and that there was no debt due from the attachment defendant when it was issued and levied and it is not there necessary to aver malice and want of probable cause for the issuance of the attachment, it is the rule that where the attachment de-

fendant undertakes to proceed against the "attachment plaintiff" alone and independent of any right of action upon the bond, he must allege and show malice and want of probable cause on the part of the attachment plaintiff as required by the principles of the common law in actions for malicious prosecution. The averment of malice and want of probable cause go to the very gist of the action by the attachment defendant, and no recovery can be had unless these essential elements of liability are *alleged and established by the evidence.* (See also 6 Cal.Jur.2d § 151, p. 63; *Finn* v. *Witherbee,* 126 Cal.App.2d 45 [271 P.2d 606].) There was no allegation in the present complaint that the attachment by McDougal was secured maliciously or of want of probable cause for the issuance of the attachment.

## EVIDENCE

As to defendant Hartford, the evidence is that on February 21, 1958, two days after issuance of the writ of attachment, the writ was discharged by stipulated order in the municipal court action. It reads:

"It appearing that the parties through their attorneys have stipulated that the Pacific Indemnity Company undertaking in the amount of $3,000 may be substituted for the attachment upon defendant's funds deposited with the Bank of America, National Trust and Savings Association, La Mesa Branch, and filing on the part of the defendants of an undertaking, and good cause appearing therefor,

"It is ordered that the writ of attachment heretofore issued and served in this action be, and the same is hereby discharged, and all money attached or garnished upon said writ of attachment be and the same is hereby released from attachment.

"It is further ordered that the Pacific Indemnity Company bond or undertaking in the amount of $3,000 be substituted for the writ of attachment discharged."

Pursuant to that stipulation, all money attached was released and the writ discharged. Plaintiff sought attorney's fees, costs and damages for claimed loss of credit by reason of the attachment. He produced a witness who testified that one day before the writ was discharged, the bank refused an unsecured loan although it later made him a secured loan and that previously it had made an unsecured loan to him. Another banker testified that the bank failed to make him

an unsecured loan some time after the issuance of the writ although it may not have refused him previously.

Plaintiff here said he paid his attorney $150 to defend the municipal court case and that the Pacific Indemnity Company, which furnished the bond upon the discharge of the writ, paid plaintiff's attorney $1,000 to defend the municipal court action. At the trial, a long list of creditors of plaintiff in the bankruptcy court was submitted. The court found that, in consideration of the amount obtained and subsequent discharge of the writ, plaintiff suffered no damage by reason of the short-term attachment.

■ The trial court held the damages attempted to be established in this respect to be speculative. It might well have believed the reason for failure to make unsecured loans to plaintiff by the banks involved was due to other reasons known to the bankers, such as possible bankruptcy proceedings or volume of plaintiff's creditors.

■ As to the recovery of attorney's fees, plaintiff relies upon *Reachi* v. *National Auto & Casualty Ins. Co.*, 37 Cal.2d 808, 811 [236 P.2d 151], for contending that the court must allow plaintiffs attorney's fees expended prior to and subsequent to the discharge of the writ. In that case it was held that, although the attorney's fees were incurred in defense of the principal suit as distinguished from those paid for procuring a dissolution of an attachment, the attorney's fees were recoverable when it was necessary to defend the main action to discharge the writ. In the instant case, the writ was discharged by stipulation two days after its issuance and before trial of the action. This distinction is clearly pointed out by the court in *Schneider* v. *Zoeller*, 175 Cal.App.2d 354, 358 [346 P.2d 515]. ■ It also held that, while under the terms of an attachment undertaking the obligors agree to indemnify the prevailing attachment defendant for all damages he may sustain as a result of the attachment, they are liable only for the actual loss proximately caused by the attachment or likely to result therefrom in the ordinary course of things. ■ Since the writ was already discharged, the attorney's fees to try the main action were not required to be expended to discharge the writ. (*Clark* v. *Andrews, supra,* 109 Cal.App.2d 193, 195; 65 A.L.R.2d §§ 2 and 3, pp. 1428-1429.) Furthermore, there was no attempt by plaintiff to apportion the attorney's fees in this respect or to relate the extent of such services. The court was justified in not allowing the attorney's fees claimed. Since the writ had been

discharged, the *Reachi* case could not apply to attorney's fees paid by Pacific Indemnity Company to plaintiff in defense of the main action. Pacific Indemnity Company was not a party to this action.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.