[Civ. No. 696.   Fifth Dist.   Dec. 7, 1966.]

VIRGINIA MACRI, Cross-complainant and Appellant, v. CARSON TAHOE HOSPITAL, INC., Cross-defendant and Respondent.

Morgan, Beauzay & Holmes, Morgan, Beauzay, Wylie, Ferrari & Leahy and Robert Morgan for Cross-complainant and Appellant.

John J. Hannegan for Cross-defendant and Respondent.

STONE, J.—Respondent, Carson Tahoe Hospital, Inc., a Nevada corporation located in the State of Nevada, assigned its claim for unpaid charges for hospital services furnished appellant in Nevada, to Credit Corporation of Sacramento, a collection agency. Attorneys employed by Credit Corporation filed an action in the name of the corporation, based on a common count, against appellant and her husband. The complaint alleged assignment of the claim.

Appellant answered and also filed a cross-complaint against Carson Tahoe Hospital, Inc., as a new party cross-defendant, alleging malpractice. Service of the cross-complaint was made upon the California attorneys hired to institute the collection suit by Credit Corporation, the assignee of Carson Tahoe Hospital, Inc.

Respondent employed independent counsel and by special appearance moved to quash service of summons and cross-complaint on the ground of lack of jurisdiction. The supporting declarations aver that Carson Tahoe Hospital, Inc. is a Nevada corporation not licensed to do business in California; that the corporation appears in this action solely for the purpose of pursuing its motion to quash; that the corporation has no place of business in California and none of its officers or agents has an office in or resides in California; that the corporation owns no real or personal property of any kind situate in California; that it is not doing business nor has it at any time mentioned in the complaint or cross-complaint done business in the State of California.

Appellant appeals from the order granting motion to quash service of summons on cross-complaint.

Appellant does not contend that respondent corporation, by assigning the account for collection, was doing business within the due process concept of jurisdiction that requires "certain minimum contacts" within the state of the forum in order that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*International Shoe Co.* v. *Washington*, 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057]; *McGee* v. *International Life Ins. Co.*, 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Fisher Governor*

*Co.* v. *Superior Court,* 53 Cal.2d 222 [1 Cal.Rptr. 1, 347 P.2d 1] ; *Waco-Porter Corp.* v. *Superior Court,* 211 Cal.App.2d 559 [27 Cal.Rptr. 371].) Indeed, appellant would have little to gain from taking this position as she did not comply with Corporation Code sections 6502 through 6504, which govern service of process upon a foreign corporation doing business within the State of California.

Appellant argues that by assigning its claim to Credit Corporation for collection respondent impliedly authorized the California corporation to hire attorneys to bring the action. Within this implied authority, argues appellant, reposes the indisputable inference that the attorneys were acting for and on behalf of respondent assignor, so that respondent made a voluntary appearance in California through the attorneys who filed the action in the name of Credit Corporation, assignee. Appellant points out that where a party has an attorney of record, the service of papers, when required, must be made upon the attorney (*Spencer* v. *Barnes,* 6 Cal.App.2d 35, 37 [43 P.2d 847]), and cites a number of cases (*United States of Mexico* v. *Rask,* 118 Cal.App. 21 [4 P.2d 981]; *Adam* v. *Saenger,* 303 U.S. 59 [82 L.Ed. 649, 58 S.Ct. 454]; *Slosberg* v. *Municipal Court,* 101 Cal.App.2d 238 [225 P.2d 312]) holding that a counterclaim or cross-complaint authorized by statute may be served upon an attorney representing a nonresident litigant in a California court.

Certainly a nonresident submits to the jurisdiction of the court when he authorizes the filing of an action on his behalf in California, but the critical question here is whether the attorneys hired by the assignee, a California corporation, were, as a matter of law, representing respondent assignor, a Nevada corporation. Appellant makes two approaches to the problem : one, that Credit Corporation was an agent of respondent; the other, that Credit Corporation acted as trustee for respondent.

Looking first at the agency theory, there is nothing in the record reflecting that by the language of the assignment respondent authorized Credit Corporation, the assignee, to hire an attorney on respondent's behalf or, for that matter, to hire an attorney at all. Appellant argues the delegation of authority to an assignee to hire an attorney need not be expressed; that because the assignor retains equitable title to the account the attorney-client relationship is implied in law.

The legal effect of an assignment for collection is delineated

in *Cohn* v. *Thompson,* 128 Cal.App.Supp. 783, at page 788 [16 P.2d 364], as follows: ''The assignee merely contracts to file suit in his own name, if necessary to make the collection. But he does not agree to furnish any legal services whatever to the assignor. The assignee employs the attorney and controls his action. No legal services are performed for the assignor. The only duty of the assignee is to account to the assignor after the collection has been made. In making the agreement to bring suit the assignee merely agrees to do that which he can legally do without any agreement, by virtue of the assignment. Provided the assignment is absolute, so as to vest the apparent legal title in the assignee, the latter is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds.'' (See also *National Reserve Co.* v. *Metropolitan Trust Co.,* 17 Cal.2d 827 [112 P.2d 598]; 2 Witkin, Cal. Procedure (1954) § 54, subd. (b), p. 1031.)

The critical language in *Cohn* v. *Thompson, supra,* insofar as concerns the question before us, is: ''he does not agree to furnish any legal services whatever to the assignor. The assignee employs the attorney and controls his action. No legal services are performed for the assignor.'' If appellant's position were correct, necessarily the attorney-client relationship would have to be between the attorneys and the principal, not between the attorneys and the agent. Here, clearly, the attorney-client relationship was between the attorneys and Credit Corporation, the assignee, which employed counsel to file suit in Credit Corporation's name. None of the classic attributes of the attorney-client relationship were vested in respondent; it was not responsible for the attorneys' compensation for services in connection with the lawsuit; it could not control the litigation or direct the attorneys to make a settlement of the claim, nor could it in any way usurp the position of Credit Corporation as plaintiff in the action.

Following a slightly different approach, appellant argues that Credit Corporation was by law acting as a trustee in filing suit to collect the assigned account, and therefore when it engaged the services of counsel it did so as trustee for respondent assignor. Appellant cites Business and Professions Code section 6926, which provides that: ''The assignment by a customer to a licensee of an account for collection creates a fiduciary relationship between the customer and the licensee. Such relationship imposes upon every licensee and employee a

fiduciary duty to the customer the same as that imposed upon a trustee. ''

Both statutory and decisional law delineating the powers of a trustee negate appellant's contention. Civil Code section 2267 provides: ''A trustee is a general agent for the trust property. His authority is such as is conferred upon him by the declaration of trust and by this chapter, and none other. His acts, within the scope of his authority, bind the trust property to the same extent as the acts of an agent bind his principal.''

The Supreme Court interpreted section 2267 in *Hall* v. *Jameson*, 151 Cal. 606 [91 P. 518, 121 Am.St.Rep. 137, 12 L.R.A. N.S. 1190], and in discussing the authority of a trustee, said, at page 612: ''This refers to the trust property alone. His acts respecting that property, if authorized by the terms of the trust, bind the property. He is to that extent an agent for the property and for the interested parties. Consequently, the mortgage of the trust estate in this case was valid; but nothing in this section, nor in the deed of trust, gave him an authority to bind the trustor or beneficiaries personally.'' (See 49 Cal.Jur.2d, § 187, p. 139.)

We conclude that the naked assignment for collection, vesting legal title to the account in the assignee and thereby empowering him to file an action in his own name, did not, as a matter of law, create an attorney-client relationship between the assignor and the attorneys acting on behalf of the assignee.

The order is affirmed.

Conley, P. J., and Gargano, J., concurred.