No. 26933

**Charles Thibodeaux, and Edy Thibodeaux v. Creditors Service, Inc. and Abel Velasquez v. Creditors Service, Inc.**

(551 P.2d 714)

Decided June 28, 1976.

Charles F. Greenacre, for plaintiffs-appellants.

Overholser, Slee & Brown, John W. Overholser, for defendant-appellee.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, Tucker Trautman, Assistant, for intervenor.

William E. Bohlender, for Associated Collection Agencies, Inc., amicus curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant-appellee Creditors Service, Inc. is an incorporated, licensed collection agency with its principal place of business at Montrose, Colorado. It undertook to collect alleged accounts payable against the plaintiffs-appellants, Charles and Edy Thibodeaux, and an alleged note payable in which the plaintiff-appellant Velasquez was one of the makers. The holder of the accounts receivable and the payee of the promissory note assigned the legal title therein to Creditors Service, Inc. in order that the latter might attempt to collect the items for a contingent fee.

Later, Creditors Service, Inc., acting by its attorney, brought separate actions against the Thibodeaux' and Velasquez in the County Court of Montrose County to collect the alleged indebtednesses. The Thibodeaux' and Velasquez then brought companion actions in the District Court of Montrose County to enjoin Creditors Service, Inc. from prosecuting the county court actions upon the ground that the collection agency was engaging in the unauthorized practice of law. The complaints in the district court were dismissed for failure to state a claim upon which relief could be predicated. These judgments of dismissal were appealed to the Colorado

Court of Appeals which, because of a constitutional question, asked us to determine jurisdiction. We accepted jurisdiction of the cases and consolidated them. We affirm the district court.

 To act as such, collection agencies must be licensed in this state. Section 12-14-101 *et seq.*, C.R.S. 1973. Section 123 of this statute provides that a "licensee can solicit claims for collection, take assignments thereof and pursue the collection thereof with necessary collection procedure."

It is the opinion of the appellants (the Thibodeaux' and Velasquez) that Credit Service, Inc. is engaging in the practice of law without being licensed to do so in violation of *Colo. Const.* Art. III and VI, § 21, and of section 12-5-101, C.R.S. 1973.[1]

 We do not perceive that Creditors Service, Inc. is practicing law. It has not agreed to, nor has it, furnished legal advice or legal services to the creditors. Rather, as assignee of the accounts and notes, it is the one entitled to bring the action, and it engages its own counsel. It was established in *Bankers Trust Company v. International Trust Company*, 108 Colo. 15, 113 P.2d 656 (1941), as follows:

"While not the rule in all jurisdictions . . . it has long been established in Colorado that the assignee of a claim may maintain an action thereon as the real party in interest even though there is annexed to the transfer the condition that when the claim is collected the whole or some part of it is to be paid to the assignor. . . . Such an arrangement provides consideration for the assignment."

While *Bankers Trust Company* did not involve a collection agency, it established the fundamental principle upon which this opinion is predicated.

We have been favored with five briefs in these proceedings, the opening brief of the appellants containing 67 pages. A very great many cases are cited in these briefs. Most of those cited by the appellants are distinguishable, but some are contrary to our ruling here. We approve and rely upon *Cohn v. Thompson*, 128 Cal. App. Supp. 783, 16 P.2d 364 (Los Angeles County Super. Ct. App. Dep't 1932), a case which is practically "on all fours" with the instant one. See also, Annot., 27 A.L.R.3d 1152 (1969).

 The appellants argue that, if the above cited statute relating to the licensing of collection agencies permits the bringing of suits such as have been brought into county court here, the statute is void as against public policy and is unconstitutional. We find nothing against public

---

[1]This statute provides that licenses to practice law are issued by this court. The implementation of this court's constitutional authority, however, is to be found in our Rules Governing Admission to the Bar. C.R.C.P. 201 *et seq.* While this authority in the judiciary stems from the constitution, it appears that there is no conflict between the statute and our rules.

policy in this statute, nor do we find any reason to declare it unconstitutional. Under the circumstances involved here, Creditor Service, Inc. is not practicing law.

The Attorney General intervened in this proceeding by reason of the fact that the constitutionality of the statute was questioned. He is of the opinion that the statute is constitutional and that it does not authorize collection agencies to engage in the unauthorized practice of law. He does, however, raise the question as to whether a collection agency should obtain advance permission of the assignor of the account prior to the commencement of suit, thereby modifying *Bankers Trust Company, supra.* We see no reason for such a limitation or modification. As already mentioned, the assignee obtains the legal title to the account or note receivable and, as stated in *Cohn v. Thompson, supra*, in the absence of an agreement to the contrary, the assignee is privileged to bring an action without consulting the assignor.

Judgment affirmed.

MR. JUSTICE HODGES does not participate.