[Civ. No. 52183. Second Dist., Div. Two. Feb. 8, 1978.]

LINDA SHAMBRUM, Plaintiff, Cross-defendant and Respondent, v. EVERARD U. FREY, Defendant, Cross-complainant and Appellant; RICHARD LANGGUTH, Cross-defendant and Respondent.

**COUNSEL**

Jerome W. Shepard for Defendant, Cross-complainant and Appellant.

Hart, Neiter & Leonard and James M. Leonard for Plaintiff, Cross-defendant Respondent and for Cross-defendant and Respondent.

**OPINION**

**ROTH, P. J.**—Respondent Linda Shambrum (Linda), by complaint filed on January 30, 1975, in which she was plaintiff, sued defendant Everard U. Frey (Frey). Frey is the appellant on this appeal. The complaint in common counts alleged she was assignee for collection and was predicated on money owing to her assignor "Richard Langguth K. G.," a limited partnership organized under the laws of and situated in

West Germany (Langguth), for certain wines sold and delivered to Frey by Langguth.

Frey answered, denied the indebtedness and pleaded as one of the affirmative defenses to Linda's claim that it was subject to all of the defenses which he had against Langguth, which defenses were more fully set forth in Frey's cross-complaint filed contemporaneously with his answer. Langguth was a named party in the cross-complaint which was served upon him in West Germany and is also a respondent on this appeal.

The cross-complaint was served on Linda as a fictitiously named cross-defendant. In said cross-complaint Frey. pleaded breaches by Langguth of both a written and an oral contract whereunder Frey was appointed and acted as exclusive distributor of Langguth's wines in the State of California.

Linda filed a notice of motion and motion for partial summary judgment and summary judgment, wherein she sought judgment on her complaint for the amount alleged to be owed by Frey and for judgment against Frey on his cross-complaint. Concurrently, Langguth filed a notice of motion to dismiss the cross-complaint for lack of jurisdiction and to quash service of summons upon Langguth. The motions were heard together on June 10, 1977. By its minute order of the same date and a subsequent formal summary judgment made and filed June 24, 1977, the trial court denied Linda's motion for summary judgment on the complaint, granted summary judgment to Linda on the cross-complaint, ordered Langguth's motion to dismiss the cross-complaint off calendar and granted Langguth's motion to quash service of summons on the cross-complaint. Appellant Frey, by notice of appeal and amended notice of appeal, appeals from the minute order granting the motion to quash service on Langguth and the summary judgment dismissing the cross-complaint as to Linda.

The following facts are undisputed. From 1957 until 1972, Frey purchased wines from Langguth, a limited partnership organized and existing by virtue of the laws of West Germany, with its principal place of business there, During the 10-plus years, October 17, 1961, to January 1, 1972, Frey operated under a written agreement with Langguth, purchasing and selling about $10,000 worth of Langguth's wines per

year.[1] Frey's purchase giving rise to Linda's action was made in February 1972 and the price thereof was never paid. Frey's distributorship was terminated by Langguth in May of 1972. Linda became assignee of the claim for purposes of collection on January 21, 1975.[2] She was employed at that time as a legal secretary in the offices of her and Langguth's attorney and (except for the assignment) was not related as an agent or employee to Langguth.

In support of the motion to quash service, Langguth, through declarations of Ruth Hoffman, Langguth's manager, and an additional individually named cross-defendant, submitted the following uncontroverted facts. Langguth does not own or lease any property or maintain any offices or any inventories or other assets within the State of California or the United States. Langguth has no employees within California. The contract which is the subject of the cross-complaint was negotiated by Ruth Hoffman and Frey in West Germany and was executed by her there. All wines sold by Langguth under the contract were sold at wholesale f.o.b. Rotterdam, Holland and all import duties, freight charges and other expenses incurred in connection with transporting the wine from West Germany were paid by Frey in West Germany. The contract itself indicated that Frey executed it in California.

Frey urges error was committed in that (1) the summary judgment granted to Linda on the cross-complaint should have been granted only as to affirmative relief which Frey might recover over and above the

[1] Frey and Langguth did business from 1957 to October of 1961 under an oral exclusive distribution agreement. The written agreement, which also designated Frey as Langguth's sole representative for California, provided in part:
"For the termination of the contract, one party must serve three months notice on the other. The contract is valid for 10 years, that is, until January 1, 1972."
In his cross-complaint, Frey alleged he and Langguth's president entered into an oral agreement in May 1971 to continue the exclusive distributorship for a further period of 10 years from October 1, 1971. Frey stated in his declaration in opposition to the motion for partial summary judgment and summary judgment:
"In May or June of 1971, declarant visited Ruth Hoffman in West Germany for business purposes. During the 3-day visit, the exclusive distributorship for California was discussed between them. Declarant stated that he wished to continue with such distributorship. Hoffman indicated that they were satisfied with declarant's service in California and that he was not to worry and as declarant recalls, she stated that the contract would renew itself for another 10 years and that they would continue on the same terms."
No other evidence respecting the extension of the contract appears in the record before us.

[2] In response to interrogatories propounded to Linda, asking what consideration there was for the assignment and whether she was accountable to Langguth for any proceeds in the event of settlement or judgment, she replied the assignment was one for collection and that she was so accountable.

amount demanded in Linda's complaint, since the relief sought in the cross-complaint would, if granted, be a defense *pro tanto* to Linda's claims; and that (2) the motion to quash service of summons on Langguth should not have been granted, since the facts and the law establish "more than minimum contacts" in California, sufficient to provide jurisdiction over Langguth.

We address these points in the order stated.

■ We accept appellant's contention that Linda's cause of action is subject to all the defenses and offsets which he could raise against it if the action had been filed by Langguth instead of Linda. (*Dreyfuss* v. *Burton,* 246 Cal.App.2d 629 [54 Cal.Rptr. 843].)

Code of Civil Procedure section 428.10 provides:

"A party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint setting forth either or both of the following:

"(a) Any cause of action he has against any of the parties who filed the complaint or cross-complaint against him. Nothing in this subdivision authorizes the filing of a cross-complaint against the plaintiff in an action commenced under Title 7 (commencing with Section 1230.010) of Part 3.

"(b) Any cause of action he has against a person alleged to be liable thereon, whether or not such person is already a party to the action, if the cause of action asserted in his cross-complaint (1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him or (2) asserts a claim, right, or interest in the property or controversy which is the subject of the cause brought against him."

To the extent an obligor's right to offset the claim of an assignee by virtue of the assignee's having taken the assignment subject to defenses may be understood as a cause of action, this section could be construed to permit and, perhaps, require the maintenance of a cross-complaint. Similarly, to the extent an assignee is a proper party to any original action by the obligor against the assignor, it could be concluded no

different result should follow because the action is presented in a cross-complaint.

But a resolution of these questions need not be made by us in this case. Frey has suffered no injury from the judgment granted Linda by the trial court. (Code Civ. Proc., § 426.10; *Nelson* v. *Superior Court* (1950) 97 Cal.App.2d 78 [217 P.2d 119].) Frey, irrespective of the ruling on the cross-complaint in favor of Linda, may proceed in identical fashion under his answer to Linda's complaint as he might have done under his cross-complaint, to the extent that the cause of action pleaded in the cross-complaint against Langguth is an offset against Linda's claim.

█ Concerning the second of Frey's points, it is established that the question of jurisdiction of a California court over a foreign business entity is properly resolved through an examination of the nature and extent of the foreign entity's contacts with and activities in this state. (*Watson's Quality Turkey Products, Inc.* v. *Superior Court,* 37 Cal.App.3d 360 [112 Cal.Rptr. 345]; *Belmont Industries, Inc.* v. *Superior Court,* 31 Cal.App.3d 281 [107 Cal.Rptr. 237].) Frey contends Langguth, as assignor for collection, and not Linda, is the "real party in interest" in Linda's action. That proposition is without support[3] if it is intended to mean Linda was not a proper plaintiff. Concededly, however, the equitable interest in the claim at bench remains in Langguth although the legal title is in Linda. We hold this factor alone was sufficient to provide the minimal contact in the forum by Langguth necessary to satisfy state and federal constitutional requirements of due process and that jurisdiction over Langguth accordingly should have been maintained. (Code Civ. Proc., § 410.10.) If Langguth had brought suit against Frey, there could be no question under the facts that jurisdiction on the cross-complaint would be established. The fact of the assignment for collection should not change this result.[4]

[3]See, e.g., *Clark* v. *Andrews* (1952) 109 Cal.App.2d 193 [240 P.2d 330]; *King* v. *Mortimer* (1948) 83 Cal.App.2d 153 [188 P.2d 502].

[4]The annotation to section 410.10 of the Code of Civil Procedure, West's Annotated Codes, includes a comment of the Judicial Council, entitled "Bases of Judicial Jurisdiction," which is helpful. Discussing the basis of judicial jurisdiction over individuals, it sets out under item 6, Appearance, the statement that the state has power to exercise judicial jurisdiction over an individual who brings an action as plaintiff in the state. "By bringing an action, the plaintiff subjects himself both as to the claims sued upon and as to any counterclaim or cross-complaint that a defendant may bring against him under the local law of the state." A similar rule is set out in the comment under item 2, Consent—Foreign Corporations, which states that the rule for corporations is the same as that for natural persons. (See p. 478.)

The summary judgment removing Linda as a party to the cross-complaint is affirmed. The minute order quashing service upon Langguth for lack of jurisdiction is reversed. Appellant to recover costs on appeal.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied March 1, 1978, and on February 21, 1978, the judgment was modified to read as printed above.