[Civil No. 188.  Filed January 24, 1887.]

[S. C. 12 Pac. 671.]

THE TERRITORY OF ARIZONA, EX REL. BRIGGS GOODRICH, Atty. Gen., Petitioner, v. W. C. BASHFORD, Treasurer of Yavapai Co., Respondent.

1. OFFICERS—COUNTY TREASURER—CUSTODIAN OF PUBLIC FUNDS— TRUSTEE FOR THE BENEFIT OF WHATEVER BRANCH OF THE GOVERNMENT MAY HAVE FUNDS WITH HIM—FAILURE TO PAY OVER FUNDS SUBJECTS HIM AND SURETIES TO ACTION—LAWS OF 1883, p. 157— TERRITORY AND COUNTY EACH HAVE RIGHT OF ACTION ON BOND— SHORTAGE IN GROSS FUND BELONGING TO BOTH TERRITORY AND

COUNTY—EQUITY REQUIRES THAT EACH SHOULD BEAR ITS PRO-
PORTION OF THE LOSS.—The county treasurer is a county officer,
and for some purposes he is the agent of the county, ·but as to
funds in his hands he is, in the same sense, an agent of any branch
of the government whose funds he may have. He is rather the cus-
todian of funds which he may have officially, and the trustee for
the benefit of whatever branch of the government may have funds
with him. A failure by the treasurer to pay over funds to whom-
soever has the legal right to receive them will subject him and his
sureties to action, "by the territory, or any person injured or
aggrieved." Statute, *supra*. The territory and county have each
the right to recover on his official bond. Where the present treas-
urer has in his hands a gross sum less than the amount due both ter-
itory and county, and the shortage is due from his predecessor who
defaulted, equity requires that each should bear its proportion of
the loss.

MANDAMUS.   Petition granted.

Briggs Goodrich, Atty. Gen., for Petitioner.

Herndon & Hawkins, for Respondent.

BARNES, J.   This is a petition for a writ of *mandamus*
requiring the treasurer of Yavapai to turn over to the
treasurer of the territory moneys alleged to be in his hands
belonging to the territory. It appears that the present treas-
urer went into office the first of January, 1887, and that he
received, as funds in the hands of his predecessor, the sum of
$57,230.88, which he now holds. It also appears that the
amount of money which should have been turned over to him
is $65,108.76, of which the amount due the territory would
have been $16,108.07, and the amount due the county of
Yavapai would have been $49,604.69, so that there is a balance
still due from the late treasurer to the defendant of the sum
of $8,481.88. It was urged that the court should be paid the
full amount of $49,604.69 and that the balance of the
$57,230.88 be paid to the territorial treasurer. It
is also urged that the shortage of $8,481.88
should be apportioned between the territory and
county, and it is urged by the attorney general that the
territory should be paid in full, and that the county should

bear the loss. It is true that the county treasurer is a county officer, and that his bond is aproved by the board of supervisors of the county. For some purpose, he is the agent of the county, but as to funds in his hands he is, in the same sense, an agent of any branch of the government whose funds he may have. He is rather the custodian of funds which he may have officially, and the trustee for the benefit of whatever branch of the government may have funds with him.

A failure by the treasurer to pay over funds to whomsoever has the legal right to receive them will subject him and his sureties to action "by the territory, or any person injured or aggrieved." Acts 1883, p. 157. His bond is made payable to the territory. The territory and county have each the right to recover on the official bond of a county treasurer for money in his hands due either. In this case we have a gross sum in the hands of the present treasurer. He can be compelled to account for no more than the funds in his posssession. The gross sum falls short of the amount due the county and territory. The amount so short is due from the late treasurer. It is manifestly unjust that the whole of his shortage should fall upon either. Equity requires that each should bear its proportion of the loss, and each can enforce its rights against the late treasurer for the balance due. Of taxes collected, it appears that the territory is entitled to sixty-five and one-half cents out of every three dollars. Treating the amount in the hands of the treasurer at this time as money collected, there is due the territory $12,495.40, which is the amount the defendant will be required to pay to the territorial treasurer.

PORTER, J., concurs.