[Civil No. 570.   Filed April 16, 1898.]

[53 Pac. 4.]

## W. E. CURRY et al., Defendants and Appellants, v. COUNTY OF GILA, Plaintiff and Appellee.

1. TAXES AND TAXATION—BOND TO SECURE PAYMENT OF TAXES ON PERSONALTY—REV. STATS. ARIZ. 1887, PARS. 680, 2650, CITED.—A bond to secure the payment of taxes on personal property, given under paragraph 2650, *supra,* though executed to the territory, may be sued on by the county interested in the taxes covered thereby, paragraph 680, *supra,* providing that "every action shall be prosecuted in the name of the real party in interest."

2. SAME—SAME—REV. STATS. ARIZ. 1887, PAR. 2650, CONSTRUED—LIABLE FOR TAXES FOR CURRENT YEAR.—The provision of paragraph 2650, *supra,* that for the purposes of seizure and sale of personal property for taxes the amount to be collected is regulated by the rate of the preceding year, is not intended as a release of the person owning property, and who has suffered a seizure, from payment of taxes

established and levied for the current year, and it is the duty of the principal on the bond to pay the amount of taxes assessed against the particular property released as the same appears against him on the duplicate assessment-roll of the current year.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

Peter T. Robertson, for Appellants.

The contention of appellants is, that this suit should have been brought in the name of the territory of Arizona, because the bond in this case runs to the territory and the territory is a real party in interest.

At common law a suit had to be brought in the name of the party named in the contract. No other could maintain the action. Hawes on Parties to Actions, par. 36.

And were this the rule to-day no question could arise as to the correctness of our position. The code has modified this rule and adopted that prevailing in equity; so now all suits must be prosecuted "in the name of the real party in interest." Rev. Stats., par. 680. We must therefore determine who is the "real party in interest," and, having so determined, must bring the suit in the name of said party, unless the statute specially provides otherwise.

Any person interested in the subject-matter of the suit who has a personal interest in the judgment is a "real party in interest," and unless joined in the action he cannot be bound by the judgment, and for this very reason the law says that he shall be made a party. Hawes on Parties to Actions, par. 18.

Actions in which the public are interested must be brought in the name of the people or state. *Frazer* v. *Freelove,* 53 Cal. 647; Maxwell on Code Pleading, 43; *State* v. *Poulterer,* 16 Cal. 516.

Certainly the people of the entire territory of Arizona are interested in the collection of the territory's tax. As regards the collection of taxes or money due the territory, they occupy the same position as the people of a county in relation to the collection of taxes and money belonging exclusively to the

Arizona 6—4

county, or one of two joint owners of a promissory note to the collection thereof.

The case of *County of Sacramento* v. *Central Pacific R. R. Co.*, 61 Cal. 250, was one wherein the county of Sacramento had accepted from the defendant a compromise judgment. The attorney-general, acting on behalf of the state, moved to set aside the judgment, which the court refused to do, and from the order of the superior court refusing to grant the motion the attorney-general appealed. The ruling of the superior court was reversed, and the opinion of the supreme court was based upon the idea that the state was the real party in interest. They say, "So far as the state tax is concerned, the county is but a nominal party. . . . As to such tax, the state is the real party in interest." In other words, in California the state sues for its taxes in the name of the counties.

They further say that the supervisors have no control whatever of litigation relating to taxes due the state, and that the attorney-general, by virtue of his supervisory powers over the several district attorneys, may assume "paramount control of the business he and the district attorney are jointly conducting."

Now then, prior to the California act authorizing tax-suits to be prosecuted in the name of the counties all tax-suits for the state and county were prosecuted in the name of the state, under the general rule of pleading requiring suits to be prosecuted "in the name of the real party in interest."

Having the same rule here, unmodified by any special enactment like the California act of 1880, a suit cannot be maintained unless "prosecuted in the name of the real party in interest," and the real party in interest is the territory of Arizona.

J. S. Sniffen, District Attorney, and P. M. Thurmond, for Appellee.

The territorial treasurer is not a collector of taxes; his duties and powers are well defined. Rev. Stats., par. 2980. The territory has no power to collect taxes; it could not maintain a suit for the collection of taxes, and is therefore not a necessary party. It may be true that a part of the money collected belongs to the territory; it is collected by the county

and held in trust for the territory. If the territory has no power to collect taxes, it could not maintain a suit, and if made a party plaintiff with the county would be mere surplusage. If the county is the only agency authorized to collect taxes, it must have the power to enforce the collection thereof by law, and the district attorney is authorized to bring suit in such cases in the name of the county. *People* v. *De Pelanconi,* 63 Cal. 409; *People* v. *Ballerino,* 99 Cal. 598, 34 Pac. 330. If the bond sued on runs to the territory instead of to the county, it can make no material difference in that case. The principal and sureties bind themselves to pay to the tax-collector of Gila County all taxes listed and assessed for the year 1895. The statute does not prescribe in what form the bond shall be, or to whom made; only that the taxes payable to the county shall be secured. Rev. Stats., par. 2650. If the bond was executed to the assessor or to J. H. Thompson as an individual, and showing, as it does, its purpose, the county alone could sue on it. *Morgan* v. *Thrift,* 2 Cal. 562; *Baker* v. *Bartol,* 7 Cal. 551; *McDonald* v. *Askew,* 29 Cal. 200; *King* v. *Edwards,* 1 Mont. 238; *Wormouth* v. *Hatch,* 33 Cal. 127; *People* v. *Love,* 25 Cal. 521.

STREET, C. J.—1. Gila County, the appellee herein, brought an action in the justice court against the appellants herein, and suffered a judgment in said court, from which it appealed to the district court of Gila County, and there obtained a judgment against the appellants. The action was brought to recover on a bond in which M. E. Curry as principal, and Al. Despain and E. S. Conway as sureties, bound themselves unto the territory of Arizona in the penal sum of $191.84. The bond was made a part of the complaint. The condition of the bond is as follows: "The condition of the above obligation is such that whereas, J. H. Thompson, the county assessor in and for Gila County, territory of Arizona, on the 15th day of April, 1895, did list and assess to the above-bound principal, M. E. Curry, certain personal property within said county, owned and controlled by the above-bound principal, at its full cash value, to wit, the sum of $2,398, for taxes for the year 1895; and it appearing to said assessor that said principal did not own real property within said county of sufficient value in said assessor's judgment to pay the taxes on

both real property and personal property so listed and assessed; and whereas, said principal neglecting and refusing, on demand having been made by said assessor, to pay the taxes on said personal property so assessed for the year 1895, said assessor did immediately, to wit, on the 15th day of April, 1895, proceed to collect said taxes by seizure of sufficient of the personal property so listed and assessed, in the manner prescribed by paragraph 2650, Rev. Stats. Ariz.; and whereas, said principal desiring to have said personal property released from such seizure, gave this, his bond, for the release thereof, whereupon the said personal property was released from seizure by said assessor to said principal: Now, if the said M. E. Curry shall well and truly pay all sums due for taxes or to become due on said personal property so listed and assessed for the year 1895, to the tax-collector of Gila County, territory of Arizona, when the same shall be payable as prescribed by law, and before they become delinquent, then this obligation shall be void. It is expressly agreed by both principal and sureties that if demand be made by the tax-collector upon the principal at any time after said taxes become payable, that the principal will immediately pay said taxes, or, failing to pay the same, action may be immediately commenced upon this bond for the collection of said taxes. It is further agreed that if the said taxes be not paid before they become delinquent, that action may be immediately commenced upon this bond against said principal and sureties without any demand whatever.'' The bond was given in compliance with the provision of paragraph 2650 of the Revised Statutes of Arizona, which provides that the county assessor, when he assesses the property of any person who does not own real estate within the county of sufficient value to pay the taxes on both his real and personal property, shall proceed immediately to collect the taxes on the personal property so assessed; and if such person shall neglect or refuse to pay such taxes, the assessor shall seize sufficient personal property to satisfy the taxes and costs, and shall, after notice, sell the same at public auction in sufficient quantities to pay the taxes and expenses incurred: provided that, if the owner of the property seized shall give bond with sufficient security, to be approved by the assessor, and in an amount sufficient to recover the amount of taxes due and the costs incident to the seizure, the said property shall

be then released. Said section also provides that the assessor
shall be governed as to the amount of taxes to be by him col-
lected in this manner by the territorial and county rate of the
previous year. A demurrer was filed by the defendants to
the complaint, and overruled by the court, in which was raised
the question that Gila County was not the proper party plain-
tiff, and that the suit should have been brought in the name
of the territory of Arizona, the territory being the obligee
named in the bond. A further question raised by the bill of
exceptions is upon the fact that Curry made a tender to the
tax-collector some months after the bond had been delivered to
the assessor, and during the taxpaying time for that year, of a
certain amount of taxes which he claimed was the basis of his
assessment; and the tax-collector refused to take the amount
so tendered because not being the full amount of taxes due as
shown by the duplicate assessment-roll as fixed by the board
of equalization.

2. Upon the question that the territory should have been
the party plaintiff instead of Gila County, paragraph 680 of
the Revised Statutes of Arizona provides that "every action
shall be prosecuted in the name of the real party in interest,"
which was amended by act No. 22 of the Session Laws of 1893
by adding a proviso, but not in any way affecting this ques-
tion. The only pretense upon the part of the appellants that
the territory had any interest in the cause of action is that
$17.98 of the amount sued for belonged to the territory. The
court, in *Territory* v. *Bashford,* 2 Ariz. 246, 12 Pac. 671, 672,
has decided that the county is a proper party to bring an action
where it is interested in the funds sued for, although the terri-
tory may have some interest likewise in the funds. The collec-
tion of taxes is a county function, and the duty of such
collection is relegated to the counties. After the taxes are
collected it is then the duty of the county to pay over a certain
per cent thereof to the territorial treasurer; but nowhere un-
der our revenue system is it made the duty of the territory
to collect the taxes. The complaint, and bond, which is a part
of the complaint, clearly show that the bond was given for
the benefit and use of the county in the exercise of its function
of collecting taxes for 1895. Although the bond was executed
to the territory of Arizona, it was delivered to the tax-
collector for the use and benefit of the county of Gila. Had the

complaint contained an allegation that the bond was given for the use of the county of Gila, it could not have been pretended that a demurrer would lie, or that the county had not a right to sue on the bond; but the complaint, taken with the statute under which the bond was given, clearly shows the purpose of the bond and the interest of the county. *People* v. *Haggin,* 57 Cal. 586; *Mendocino County* v. *Lamar,* 30 Cal. 628; *Sacramento County* v. *Bird,* 31 Cal. 72; *Mendocino County* v. *Morris,* 32 Cal. 145.

An answer to the second question raised by the appellants is clearly made by the terms of the bond and the provisions of the statute under which the bond was drawn, for it is the provision of the statute that such bonds shall be in an amount sufficient to cover the amount of the taxes. This bond provides that the said Curry shall well and truly pay all sums due for taxes or to become due on said personal property so listed and assessed for the year 1895 to the tax-collector of Gila County, territory of Arizona, when the same shall be payable as prescribed by law, and before they become delinquent. It is true that for the purpose of seizure and sale the amount to be collected in such cases is regulated by the rate of the preceding year, for the reason that the rate for the current year was not then established by the board of equalization. Such provision, however, is not a release, nor intended to be a release, of the person owning property, and who has suffered a seizure, from payment of taxes in such amount as may be established by the board of equalization, and levied for the current year. It was clearly the duty of Curry, as principal on the bond, to pay the tax-collector the amount of the taxes assessed against the particular stock released under the bond as the same appeared against him on the duplicate assessment-roll. To have fully discharged his obligation and that of his sureties on the bond, he should have paid the same. The judgment of the district court of Gila County is affirmed.

Sloan, J., Davis, J., and Doan, J., concur.