[Civil No. 4743. Filed December 11, 1944.]

[154 Pac. (2d) 372.]

H. L. MOSHER, as Attorney in Fact for CARRIE A. LOUNT, a Widow, Appellant, v. HALBERT H. HINER and NELL E. HINER, His Wife, WILLIAM TELL and LUCILLE TELL, His Wife, Doing Business as Co-partners Under the Firm Name of PHOENIX AUTO TOP COM-PANY; JOHN DOE, JANE DOE and DOE CORPORATION, Appellees.

Mrs. H. L. Mosher, Attorney in Fact for Appellant.

Messrs. Snell, Strouss & Wilmer, for Appellees.

STANFORD, J.—This action is appealed from a judgment of dismissal of the superior court of Maricopa County, and was brought to recover four months rent due and to recover the premises, the premises having been rented for $30 per month by Carrie A. Lount, the landlord, to the appellees, the grounds for bringing the first action being that the appellees had failed to pay rent for a period of four months.

The opening brief of the appellant has the statement: "That the business transacted in the so called 407 North First was a community business for the support of the appellees," but the complaint does not have any such statement.

Appellant submits six assignments of error, but they are mainly in regard to matters that are not important in the case. The case rests on the motion to dismiss filed by the appellees on February 29, 1944, on the following grounds:

"1. There is a lack of jurisdiction over the subject matter of the complaint and action; and

"2. The complaint fails to state a claim upon which relief can be granted.

"In support of said motion said defendants show the Court that it appears upon the face of the complaint herein:

"1. That the action is not prosecuted in the name of the real party in interest;

"2. That the complaint herein is not signed by the real party in interest nor by an attorney at law representing said real party in interest;

"3. The complaint does not state facts sufficient to constitute a cause of action."

The minute entry of the trial court does not set forth the grounds upon which the case was dismissed, but from reading the files we find the main issues to be that the action was not prosecuted in the name of the real party in interest and was filed by an attorney in fact instead of an attorney at law or by a party in interest. In any event, these are barriers that the appellant must overcome in order to maintain the action.

On the subject of the real party in interest, we quote the following from the early case of *Curry v. County of Gila*, 6 Ariz. 48, 53 Pac. 4:

"Any person interested in the subject-matter of the suit who has a personal interest in the judgment is a 'real party in interest,' and unless joined in the action he cannot be bound by the judgment, and for this very reason the law says that he shall be made a party. . . . "

Our Code, Sec. 21-501, is as follows:

"*Real party in interest.*—Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state."

There can be no doubt but that a person may bring an action in his own name under our law notwithstanding he is not the sole party in interest, but in the instant case the appellant brings the action as attorney in fact and it can be seen where we would

lead to if we refer to Sec. 21–1835 of our Code, which reads:

*"Substitution of representative where party dies.*— If a party to an appeal die while such appeal is pending, the action shall not abate by such death, but the personal representative of such deceased party may be substituted and the court shall render judgment in said action with the same force and effect as if rendered in the life time of the parties thereto. If a receiver or trustee in bankruptcy has been appointed for a party to such appeal such receiver or trustee shall be substituted for the original party, and the action shall proceed as if the original parties had remained parties thereto."

In respect to that section of our code if there should be a case filed where a counterclaim would also be pleaded, we could see the fallacy of allowing an attorney in fact to appear in that capacity for there would be no remedy for a litigant who had a counterclaim should the attorney in fact die when the case is on appeal in this court. It is also true that if an attorney in fact could appear in cases in our courts there would be no need for a College of Law at our University.

Our Code, Sec. 32–349, is as follows:

*"Only active members may practice law.*—No person shall practice law in this state subsequent to the organization meeting of the state bar unless he shall be an active member thereof in good standing as in this act defined."

█ From the records of the Supreme Court of this state, we do not find that H. L. Mosher, who appears to be the attorney in fact in this case, is permitted to practice law in this state, and she cannot by being appointed attorney in fact be given such privileges. But she may, however, be her own attorney in keeping with the case of *State ex rel. Frohmiller* v.

*Hendrix,* 59 Ariz. 184, 124 Pac. (2d) 768, 772, where it says:

"But it seems to be accepted as a general principle that one who acts only for himself in legal matters is not, in the meaning of similar statutes, practicing law. . . . "

Although this case is one involving the property of one of our most respected citizens, Carrie A. Lount, a woman who lives in Phoenix and one of the pioneers of the state, but in other instances, if the door is open, litigants could appear through an attorney in fact and enter into any sort of a damaging case and no one would be liable.

In this case the appellant made an affidavit that she was unable to give bond for costs for the appeal and the court followed that affidavit with an order allowing the appeal without bond. All of which goes to show how unfair it would be to litigants and to attorneys at law to allow an attorney in fact to practice law before the courts of our state.

This action does not come under any exception of our statute permitting an agent to bring an action for the principal.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.