371 P.2d 1020

The STATE BAR OF ARIZONA, a public corporation, and Ashby I. Lohse, Harry L. Buchanan, William C. Frey, Jerry H. Glenn, Henry R. Merchant, Jr., Robert H. Renaud and Sidney Weissberger, individually and as Members of the Committee on Unauthorized Pratice of the said State Bar of Arizona, Appellants and Cross-Appellees,

v.

ARIZONA LAND TITLE AND TRUST COMPANY, an Arizona corporation; Arizona Title Guarantee and Trust Company, an Arizona corporation; Lane Title and Trust Company, an Arizona corporation; Phoenix Title and Trust Company, an Arizona corporation; and Tucson Title Insurance Company, an Arizona corporation, Appellees and Cross-Appellants.

Ashby I. LOHSE, Appellant,

v.

Ford HOFFMAN and C. L. Hoffman, doing business as Ford Hoffman Realty, Appellee.

No. 6724.

Supreme Court of Arizona.

En Banc.

May 31, 1962.

Darrell R. Parker (deceased), Leslie C. Hardy, John E. Madden and John S. Schaper, Phoenix, for appellants and cross-appellees.

Boyle, Bilby, Thompson & Shoenhair, Tucson, for appellee and cross-appellant, Arizona Land Title & Trust Co.

Perry & Perry and Ryley, Carlock & Ralston, Phoenix, for appellee and cross-appellant, Arizona Title Guarantee & Trust

Co. (Now Arizona Title Insurance and Trust Company).

Cunningham, Carson & Messinger, Phoenix, for appellee and cross-appellant, Phoenix Title and Trust Co.

Darnell, Holesapple, McFall & Spaid, Tucson, for appellee and cross-appellant, Tucson Title Insurance Company.

Jennings, Strouss, Salmon & Trask and William T. Birmingham, Phoenix, for appellee, Union Title Company. (Successor to Lane Title & Trust Company).

Stephen B. Rayburn, Phoenix, for appellee, Ford Hoffman and C. L. Hoffman, dba Ford Hoffman Realty.

F. Trowbridge vom Baur, Washington, D. C., E. N. Eisenhower, Tacoma, Wash., Terrell Marshall, Little Rock, Ark., Raymond Reisler, Brooklyn, N. Y., Thomas J. Boodell, Chicago, Ill., Jonathan F. Ells, Winsted, Conn., H. H. Perry, Jr., Albany, Ga., Melvin F. Adler, Fort Worth, Tex., and William L. Murphey, Los Angeles, Cal., for the American Bar Association, as Amici Curiae.

Johnson, Darrow, D'Antonio, Hayes & Morales, Tucson, for Arizona Association of Realtors, Inc., Yuma Board of Realtors, Inc., Northern Arizona Board of Realtors, Inc., Prescott Real Estate Board, Inc., Cochise County Board of Realtors, Inc., Eastern Arizona Board of Realtors, Inc., Glendale Board of Realtors, Inc., Wickenburg Real Estate Board, Inc., Sedona Board of Realtors, Inc., Phoenix Real Estate Board, Inc., Tucson Board of Realtors, Inc. and Mesa-Chandler-Tempe Real Estate Board, Inc., as Amicus Curiae.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for Arizona Association of Realtors, Inc., Yuma Board of Realtors, Inc., Northern Arizona Board of Realtors, Inc., Prescott Real Estate Board, Inc., Eastern Arizona Board of Realtors, Inc., Glendale Board of Realtors, Inc., Wickenburg Real Estate Board, Inc., and Sedona Board of Realtors, Inc., as Amicus Curiae.

Snell & Wilmer, Phoenix, for Phoenix Real Estate Board, Inc., as Amicus Curiae.

Hall & Jones, Tucson, for Tucson Board of Realtors, Inc., as Amicus Curiae.

Johnson & Shelley, Mesa, for Mesa-Chandler-Tempe Real Estate Board, Inc., as Amicus Curiae.

Gust, Rosenfeld & Divelbess, Phoenix, Conner & Jones, Tucson, and Evans, Kitchel & Jenckes, Phoenix, as Amici Curiae.

LOCKWOOD, Justice.

■ Certain real estate boards throughout the state requested and were granted leave to file a brief amicus curiae on a motion for rehearing. They urge that the court, in declaring what instruments a real estate broker, agent or salesman may properly draft or prepare without being engaged

in unauthorized practice of law, by inadvertence failed to include an instrument described only as "the customary preliminary purchase agreement executed on printed forms prepared for that purpose." They point out that in seeking injunctive relief against defendants Hoffman, the State Bar specifically excepted in the prayer of its complaint this vaguely described document. This court is asked to "correct" that portion of the decision which now reads:

> "It is further ordered, adjudged and decreed that real estate brokers, agents, and salesmen may prepare or draft any instrument relating to property in which such broker, agent or salesman has an absolute or equitable ownership, or proposes to acquire such ownership thereby; and may draft or prepare memoranda for the receipt of money but may not, as agents, draft or prepare any instruments purporting to create legal rights or impose legal responsibilities as between third parties."

by including the phrase above described, i. e., "the customary preliminary purchase agreement executed on printed forms prepared for that purpose."

The omission of this phrase from the decision was deliberate, not inadvertent. It is vague and meaningless, as such instrument was not specifically identified at the trial. We did not speculate or pass upon the meaning of a completely unidentifiable document whose legal effect we could and did not determine.

The real estate dealers apparently contend they will not be able to perform their legitimate business unless they are permitted to draft or prepare agreements of sale imposing binding legal rights and liabilities between buyer and seller. We fail to see cause for such concern. We seriously doubt that real estate dealers are interested in engaging in the practice of law, but believe rather that they are primarily interested in promoting and bringing about real estate transactions, and in an assurance that they will be able to secure their legitimate compensation (commission) therefor, when they have been the motivating cause of consummating such transaction.

In this regard, since the real estate dealer acts as agent for the principal buyer or seller, an agreement regarding the terms of employment of the agent certainly is of such personal interest that the real estate dealer can quite properly draft or prepare it himself. Obviously, since his commission depends on procuring for his principal a person ready, willing and able to accept the terms of sale required by the buyer, these terms can be embodied in his contract with his principal. Having executed such an agreement between principal and agent, we see no impediment to the agent's pre-

senting his contract of employment, which contains these terms, to a prospective buyer or seller, and securing his written acceptance of the offer embodied in the agreement. Such procedure is in nowise inconsistent with the principles enunciated in our decision.

BERNSTEIN, C. J., UDALL, V. C. J., STRUCKMEYER, J., and JONES, Judge of the Superior Court, concur.