570 P.2d 769

**CERTIFIED COLLECTORS, INC., an Arizona Corporation, Appellant,**

v.

**David LESNICK and Jane Doe Lesnick, his wife, dba the House of David, Appellees.**

No. 12915.

Supreme Court of Arizona, In Banc.

Oct. 14, 1977.

Hyman Brazlin, Phoenix, for appellant.

Craig & Rich by David Rich and Burch, Cracchiolo, Levie, Guyer & Weyl by Jack Daniel Klausner, Phoenix, for appellees.

Barry M. Corey, Tucson, for amicus curiae Arizona Collectors Association.

Ronald W. Sommer, Tucson, for amicus curiae State Bar of Arizona.

HOLOHAN, Justice.

Plaintiff has appealed the granting of summary judgment for defendants on

plaintiff's complaint. We took jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, Rule 47(e)(5), and for the reasons herein stated we affirm the judgment of the trial court.

In January of 1975, Certified Collectors, Inc. (appellant) brought an action against David and Jane Doe Lesnick and their corporation, The House of David (appellees) on an alleged assignment of a debt in the amount of $8,835.21 which appellant claimed was past due and owing since February of 1972. Although it was not alleged in the complaint, the record indicates that the purported assignment to plaintiff concerned a debt owed by the Lesnicks as owners of The House of David to the Emerson Television Sales Corp.

Appellees denied the substantial allegations of the complaint and affirmatively asserted, *inter alia*, that the plaintiff was not the real party in interest.[1]

Following the taking of David Lesnick's deposition, plaintiff filed a motion for summary judgment. Defendants cross-moved for summary judgment asserting that (1) the assignment plaintiff alleged was invalid and that plaintiff was therefore precluded from suing on it in its own name and that (2) by bringing this action, plaintiff was engaged in the unauthorized practice of law in violation of A.R.S. § 32–261.

The trial court found that the assignment and subsequent initiation of litigation by plaintiff, Certified Collectors, Inc., constituted the unauthorized practice of law.[2] Reasoning that plaintiff could not, there-fore, properly obtain a judgment while engaging in such unauthorized practice, the trial court dismissed the complaint and entered judgment for the defendants.

Because of the nature of the record before us, we think that one issue is dispositive of this case: was there a valid assignment running between Emerson Television Sales Corporation and Certified Collectors, Inc., so as to give Certified standing to bring this action in its own name as the real party in interest? For the reasons which follow, we answer that question in the negative.

■ We think that the general rule in our state is well-settled that the valid assignee of a chose in action may bring a suit thereon in his own name. *General Accident Fire & Life Assur. Corp. v. Little*, 103 Ariz. 435, 438, 443 P.2d 690, 693 (1968). Moreover, the assignee need not be the full party in interest; and the debtor or alleged obligor is not prejudiced because by statute[3] he may assert his defenses as fully against the assignee as he could the original claimant. *General Accident Fire & Life Assur. Corp. v. Little, supra; Mosher v. Hiner*, 62 Ariz. 110, 112, 154 P.2d 372, 374 (1944), cert. den., 325 U.S. 874, 65 S.Ct. 1554, 89 L.Ed. 1992 (1945).

Although we have not passed on the issue (and do not do so now), we are aware that some jurisdictions have held that the assignment of a chose in action for collection is valid and entitles the assignee to bring

---

1. 16 A.R.S. Rules of Civil Procedure, Rule 17(a).

2. The parties and amicus have cited the following cases on the issue: *State Bar of Arizona v. Arizona Land Title & Trust Co.*, 90 Ariz. 76, 366 P.2d 1 (1961), *modified* 91 Ariz. 293, 371 P.2d 1020 (1962); *State ex rel. State Bar v. Bonded Collections, Inc.*, 36 Wis.2d 643, 154 N.W.2d 250 (1967); *J. H. Marshall & Associates, Inc. v. Burleson*, 313 A.2d 587 (D.C.App.1974). *Cf. contra Washington State Bar Association v. Merchants Rating & Adjusting Company*, 183 Wash. 611, 49 P.2d 26 (1935); *Cohn v. Thompson*, 128 Cal.App. (Supp.) 783, 16 P.2d 364 (1932).

  Although both parties argued the issue of whether Certified Collectors, Inc., by its actions before and during this case was engaged in the unauthorized practice of law, and the trial court's decision also rested on this point, we think that the facts in the record were not sufficiently well-developed for us to reach the issue. We therefore reserve our decision on this issue for another case in which a clearer record is presented to us.

3. Ariz.Rev.Stat. § 44–144, provides in relevant part:

  "Effect of assignment of chose in action upon defenses existing at time of assignment; exceptions

  "An assignment of a chose in action shall not prejudice any set-off or other defense existing at the time of the notice of the assignment. . . ."

suit on the claim in its own name as the real party in interest, even where the assignment is partial and the assignor retains an interest in the proceeds recovered. *See Campbell v. Peter*, 108 Utah 565, 162 P.2d 754 (1945); *Bankers Trust Co. v. International Trust Co.*, 108 Colo. 15, 113 P.2d 656 (1941); *Amende v. Town of Morton*, 40 Wash.2d 104, 241 P.2d 445 (1952).

■ It is, however, hornbook law that in order to effect a legal assignment of any kind there must be evidence of an intent to assign or transfer the whole or part of some specific thing, debt, or chose in action, and the subject matter of the assignment must be described sufficiently to make it capable of being readily identified. *See Ingram v. Mandler*, 56 F.2d 994 (10th Cir., 1932); *Novo Trading Corp. v. Commissioner*, 113 F.2d 320 (2nd Cir., 1940). Moreover, an assignment is subject to the same requisites for validity as are other contracts, i. e., mutuality of assent, proper parties with the capacity to make a contract, consideration and legal subject-matter. *Hutsell v. Citizens' National Bank*, 166 Tenn. 598, 64 S.W.2d 188 (1933).

■ We now turn to the purported assignment in this case which is the crux of plaintiff's claim for recovery. We note that plaintiff has continually characterized itself as an "assignee" throughout this litigation and that this conclusion is apparently based on a document in the record entitled "Assignment." This exhibit indicates that on

May 21, 1973 one Louis Sierra[4] signed an assignment form with Certified Collectors, Inc. This form contains only a recitation of the consideration involved, and the seal of a California notary public. The crucial information necessary here, namely Sierra's identity and the capacity in which he made this agreement, his relation (if any) to the Emerson Television Sales Corporation and any identification of what debt this purported assignment related to are all absent. Moreover, there are no additional facts in the record which would even suggest an answer to the lack of information in this-at best-cryptic form "assignment."[5]

We therefore hold that the basic elements of a legal assignment are so lacking in this case that we can find no basis in the record on which to conclude that Certified Collectors, Inc. has any right to bring an action on this claim as the real party in interest.[6]

■ In those instances where under the facts a trial court could only come to one legal conclusion, and it has reached the correct one, although for the wrong reason, its judgment is to be affirmed. *Komarek v. Cole*, 94 Ariz. 94, 100, 381 P.2d 773, 777 (1963); *Nicholas v. Giles*, 102 Ariz. 130, 133, 426 P.2d 398, 401 (1967). We affirm the judgment dismissing plaintiff's complaint.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

---

4. Because the photocopies in the record are poor and the individual's handwriting difficult to read, we have concluded that Sierra's last name is in fact that. In any event, it is, of course, the form of the assignment, and not the individual's last name, which is dispositive here.

5. The defendants raised this matter in their memorandum in support of their motion for summary judgment; however, plaintiff's reply made no response to this issue. The face of the

record, taken together with plaintiff's failure to rebut the issue (or to supply the necessary information) leads us to conclude that there was no rebuttal to be made. *Lujan v. MacMurtrie*, 94 Ariz. 273, 383 P.2d 187 (1963).

6. Since it is not before us, we make no determination whether the Emerson Television Sales Corporation (the owner of the alleged debt) can recover from either the Lesnicks or The House of David in a separate action.